UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOAST, INC., <br><br> Plaintiff, <br><br> -against- <br><br> TOAST LABS, INC., <br><br> Defendant. | Civil Action No.: |

## COMPLAINT

Plaintiff, Toast, Inc. ("Toast" or "Plaintiff"), by and through its attorneys, Manatt, Phelps & Phillips, LLP, for its complaint against Defendant, Toast Labs, Inc., ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for: infringement of Plaintiff's registered trademarks under 15 U.S.C. § 1114; false designation of origin in violation of 15 U.S.C. § 1125(a); injunctive relief and damages under 15 U.S.C. §§ 1114, 1117, 1118, 1119 and 1125; violation of Section 360-l of the New York General Business Law; and violation of the common law of the State of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338, and this Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367(a). The New York State law claims asserted herein are so related to the Lanham Act claims as to form part of the same case or controversy.

3. Upon information and belief, this Court has personal jurisdiction over the Defendant because it regularly conducts business in the State of New York, a substantial part of the events giving rise to these claims occurred in this judicial District, Defendant has minimum contacts with the forum, and Defendant purposefully avails itself of the privilege of conducting commercial activities within the State of New York by, *inter alia*, operating an interactive website aimed at this judicial District as well as providing downloadable software to consumers within this judicial District.

4. Venue is properly founded in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction within this judicial District and/or because a substantial part of the events giving rise to these claims occurred in this judicial District.

## PARTIES

5. Plaintiff, Toast, Inc., is a corporation organized under the laws of the State of Delaware, with offices at 401 Park Drive, Suite 801, Boston, Massachusetts 02215.

6. Upon information and belief, Defendant, Toast Labs, Inc., is a corporation organized under the laws of the State of Delaware, with offices at 6434 W. 87th St., Los Angeles, California 90045.

## PLAINTIFF'S BUSINESS

7. Toast is a technology company that has developed a proprietary software platform designed especially for restaurants and other establishments where food and beverages are served that provides solutions which address the unique, challenging, and complex needs of these businesses. The company markets a wide variety of computer hardware and software products that are used by restaurants, cafes, and nightclubs, in virtually every facet of these businesses that enhance efficiency, reduce operating costs, streamline

operation and management, and increase profits. Toast brings together many solutions from integrated online ordering to gift card and loyalty programs to labor and sales reporting all on a cloud-based system that includes point-of-sale ("POS") devices and mobile device software applications

8. Since launching Toast in 2013, the company's customer base has grown to over 1,400 customers nationwide, ranging from restaurants and cafes to nightclubs and enterprise franchises.

9. Plaintiff's product line includes cash registers, calculating machines, data-processing equipment and computers, computer programs used for electronic cash register systems, electronic equipment for POS systems, application software for mobile phones for locating restaurants, providing wait times, and even paying the check. In addition, Plaintiff provides its customers with service and support of its cash registers, POS systems, restaurant management systems, restaurant expediting systems, calculating machines, data-processing equipment and computers. All of these products and services are sold under the TOAST trademark.

10. At least as early as 2013, Toast developed software applications for smart phones and other electronic devices to enable consumers to locate restaurants that streamlined the POS experience for both proprietors of businesses in the hospitality industry and their patrons.

11. Plaintiff has invested an enormous amount of time, energy, and money in marketing its software applications through print advertising, on its own website at *toasttab.com*, and through a wide variety of social media.

12. After developing and marketing its software applications to consumers and POS software to the restaurant industry, Toast expanded its technology platform by developing a single software product that could seamlessly accomplish tasks that are intrinsic to operating restaurants that had previously been available only in standalone platforms from different vendors.

13. Plaintiff is the owner of U.S. Trademark Registration Nos. 4,802,283 for TOAST TAB, 4,695,692 for TOAST, and 4,802,282 for TOAST POS issued on the Principal Register on September 1, 2015, March, 3, 2015, and September 1, 2015, respectively, each for "[c]ash registers, calculating machines, data-processing equipment and computers; [c]omputer programs used for electronic cash register systems; [e]lectronic equipment for point-of-sales (POS) systems, namely, point-of-sale terminals, bar code readers, optical readers, advertisement display monitors, keyboards, printers, scanners, radio transmitters, radio receivers, computer hardware, and computer operating software" (hereinafter the "Toast Marks"). These registrations are in full force and effect. A copy of each registration certificate is attached hereto as Exhibit A-1, A-2, and A-3, respectively.

14. Plaintiff's registrations, described in Paragraph 13 above provide constructive notice to the world of Toast's ownership of its Toast Marks and its right to the exclusive use of these marks throughout the United States pursuant to Section 7(c) of the Lanham Act, 15 U.S.C. § 1072.

15. Plaintiff has developed an enormous amount of goodwill in its Toast Marks as a result of these Marks becoming a symbol its revolutionary integrated software applications that connect business owners in the hospitality industry with their patrons and address other operational problems inherent in that industry.

16. Toast currently has over one thousand four hundred (1,400) purchasers of its computer hardware and software in forty-three states, including New York.

17. Toast sets the gold standard for servicing or providing products to the hospitality industry by utilizing its integrated software and related services to facilitate mutually beneficial interactions between businesses in the hospitality industry and their patrons, such as loyalty reward programs and real time menu alterations.

18. The Toast Marks are highly distinctive and arbitrary in nature, and upon information and belief have become synonymous with innovation in the hospitality industry.

19. Toast continues to innovate using its Toast Marks and expects to re-launch an iPhone® software application for patrons in early 2016 that will significantly increase the social nature of its products and services by, for example, allowing patrons to create profiles for the purpose of social networking or using peer recommendation software to discover which restaurant in town serves the top selling burger within their peer groups.

20. The Toast Marks have come to symbolize extraordinary goodwill and are among Toast's most valuable assets.

**DEFENDANT'S BUSINESS AND ACTS OF INFRINGEMENT AND UNFAIR COMPETITION**

21. Upon information and belief, Defendant is a start-up company that has recently launched a software application for use on mobile phones (hereinafter "Mobile App") using the marks TOAST and USE TOAST that provides consumers with food and drink recommendations.

22. Upon information and belief, Defendant owns and operates a website at *toastapp.com* that is used to market its Mobile App under the TOAST and USE TOAST marks.

23. Defendant obtained federal trademark registrations for TOAST (No. 4,805,546) covering "[c]omputer application software for mobile phones, namely, software for providing food and drink recommendations" and for USE TOAST (No. 4,805,547) on September 1, 2015 (the "Infringing Marks"). Both registrations claim first use of the marks on March 14, 2015.

24. The Infringing Marks are virtually identical to, and in one case indistinguishable from, the Toast Marks.

25. Upon information and believe, Defendant first used the Infringing Marks in interstate commerce after Plaintiff's first use of the TOAST Marks in commerce and after the issuance of Plaintiff's registration for TOAST.

26. Defendant's use of the Infringing Marks is without Plaintiff's authorization or consent.

27. As a result of Defendant's use of the Infringing Marks, existing and potential customers familiar with Plaintiff and its products and services sold under the Toast Marks have been and will be confused, mistaken, or deceived into believing the Defendant's Mobile App emanates from Plaintiff, or Defendant is in some manner authorized, sponsored, or licensed to use the Toast Marks. This will cause irreparable harm to Plaintiff's reputation and the goodwill that is symbolized by each of the Toast Marks. By virtue of Defendant's unauthorized use of the Infringing Marks, Plaintiff is unable to exercise quality control over the Mobile App offered by Defendant under the Infringing Marks.

28. Defendant's use of the Infringing Marks has created actual confusion as to the source, sponsorship, or affiliation between Defendant's Mobile App and Plaintiff's products and services all of which are sold under the Toast Marks. Such instances of actual confusion will proliferate if Defendant continues to use the Infringing Marks, and members of the

public, having been confused as to the source, sponsorship, or affiliation of Defendant's products and the products and services provided by Toast, will cease to recognize the Toast Marks as distinctive source indicators or guarantees of high quality products and services.

29. Upon information and belief, despite Plaintiff's demand that Defendant cease and desist from use of the Infringing Marks on November 17, 2015, Defendant has refused to discontinue its infringing activities.

## FIRST CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT UNDER LANHAM ACT 15 U.S.C. § 1114(1)(a)

30. The allegations set forth above in paragraphs 1 through 29 hereof are adopted and incorporated by reference as if fully set forth herein.

31. Plaintiff is the record owner of U.S. Trademark Registration Nos. 4,802,283, 4,695,692, and 4,802,282, which are valid, subsisting, and in full force.

32. Defendant, without authorization from Plaintiff, has used and is continuing to use the Infringing Marks in connection with its mobile phone application software for food and beverage recommendations.

33. Defendant's sale, marketing, and distribution of software relating to the hospitality industry bearing the Infringing Marks has caused actual confusion in the marketplace and is likely to confuse, mistake, or deceive consumers into believing that Defendant's software is genuine, authorized, or approved by Plaintiff.

34. Defendant's conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

35. Upon information and belief, Defendant's misappropriation and infringement of the Toast Marks was and is willful and intentional.

36. Upon information and belief, by its infringing acts, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

37. Upon information and belief, Defendant intends to continue its infringing acts and will continue to infringe Plaintiff's registered trademarks, unless restrained by this Court.

38. Defendant's conduct has caused and will continue to cause irreparable harm to Plaintiff, and Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a)

39. The allegations set forth above in paragraphs 1 through 38 hereof are adopted and incorporated by reference as if fully set forth herein.

40. Plaintiff is the record owner of U.S. Trademark Registration Nos. 4,802,283, 4,695,692, and 4,802,282, which are valid, subsisting, and in full force.

41. Defendant's advertisement, promotion, and use of the Infringing Marks is intended and likely to confuse, mislead, or deceive consumers, the public, and workers in the hospitality industry as to the origin, source, sponsorship, or affiliation of Defendant's food and beverage recommendation software, and it is likely to cause the public to believe erroneously that such software has been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Plaintiff is in some way affiliated with Defendant when it is not.

42. Defendant's acts constitute false designation of origin and false and misleading description and representation of fact, all in violation of 15 U.S.C. § 1125(a).

43. Upon information and belief, Defendant's misappropriation and infringement of the Toast Marks was and is willful and intentional.

44. Upon information and belief, by its acts, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

45. Upon information and belief, Defendant intends to continue its infringing acts and will continue to infringe the Toast Marks unless restrained by this Court.

46. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### UNFAIR BUSINESS PRACTICE UNDER N.Y. GEN. BUS. LAW § 360-l

47. The allegations set forth above in paragraphs 1 through 46 hereof are adopted and incorporated by reference as if fully set forth herein.

48. The Toast Marks are inherently distinctive and have acquired secondary meaning in the marketplace; and they are owned by Plaintiff.

49. Defendant's acts are likely to dilute, have diluted, and, unless enjoined by this Court, will continue to dilute the distinctive quality of the Toast Marks.

50. As a direct and proximate result of Defendant's willful, wonton acts and conduct, Plaintiff's reputation and goodwill have been and will continue to be damaged.

51. Defendant's activities are in violation of N.Y. General Business Law § 360-l.

52. Defendant's acts and conduct have caused irreparable harm to Plaintiff as well as Plaintiff's reputation and goodwill and will continue to do so unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

### COMMON LAW TRADEMARK INFRINGEMENT

53. The allegations set forth above in paragraphs 1 through 52 hereof are adopted and incorporated by reference as if fully set forth herein.

54. Defendant's activities constitute trademark infringement under the common law of the State of New York.

55. Defendant's use of the Infringing Marks, unless restrained by this Court, will lead the public to believe that there is a connection or association between Defendant and Plaintiff when, in fact, there is none.

56. Defendant's acts and conduct have caused irreparable harm to Plaintiff as well as Plaintiff's reputation and goodwill and will continue to do so unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant as follows:

A. That the Court enter an injunction ordering that Defendant, its agents, servants, employees, and all other persons in privity or acting in concert with it be enjoined and restrained from:

   (a) using any reproduction, counterfeit, copy, or colorable imitation of the Toast Marks to identify any products or the rendering of any services not authorized by Plaintiff;

   (b) engaging in any course of conduct likely to cause confusion, deception, mistake, or injury to Plaintiff's business reputation or to weaken the distinctive quality of the Toast Marks;

   (c) using a false description or representation including designs and other symbols falsely describing or representing that Defendant's unauthorized software was created, sold, or sponsored by Plaintiff or associated with Plaintiff;

   (d) further infringing the Toast Marks by marketing, advertising, and/or promoting any products or services related to the hospitality industry using any such mark;

   (e) using any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the Toast Marks in connection with the promotion, advertisement, display, sale, and/or operation of products or services in the hospitality industry in such a way as to relate, connect, or tend to relate or connect in any way to Plaintiff, or to products and/or services sold, provided, sponsored, or approved by or connected with Plaintiff;

    (f)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that Defendant's software for food and drink recommendations is in any way associated or connected with Plaintiff;

    (g)    engaging in any conduct constituting an infringement of the Toast Marks, Plaintiff's registrations, or Plaintiff's rights in, or to use or to exploit, any such marks, or constituting any weakening of Plaintiff's reputation or goodwill;

    (h)    using or continuing to use any of the Toast Marks or any variation thereof on the Internet (either in the text of a website or in connection with any products or services not directly authorized by Plaintiff); and

    (i)    effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (i).

B.    Directing that Defendant, within thirty (30) days of Judgment, file and serve Plaintiff with a sworn statement setting forth in detail the manner in which Defendant has complied with this injunction pursuant to 15 U.S.C. § 1116(a).

C.    Directing that Defendant deliver up for destruction to Plaintiff all unauthorized products or marketing materials, if any, bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of the Toast Marks, and all plates, molds, matrices and other means of production of same, if any, pursuant to 15 U.S.C. § 1118.

D.    Ordering Defendant to recall from any distributors and retailers all advertisements, promotional and marketing materials containing the Infringing Marks, as well as means of making the same.

E.    Order Defendant to cease all use of the domain *toastapp.com* as well as any other domain name employing any of the Toast Marks or colorable imitations thereof and turn over control and ownership of such domains to Plaintiff.

F.    Directing the Commissioner of Patents and Trademarks to cancel U.S. Trademark Registration Nos. 4,805,546 and 4,805,547.

G.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that the food and beverage recommendation software provided or promoted by Defendant is authorized by Plaintiff or related in any way to Plaintiff's products and services.

H.    Ordering an accounting by Defendant of all gains, profits, and advantages derived from its wrongful acts.

I. Awarding Plaintiff all of Defendant's profits and all damages sustained by Plaintiff as a result of Defendant's wrongful acts and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a).

J. Awarding treble damages in the amount of Defendant's profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

K. Ordering that Plaintiff recover the costs of this action, together with reasonable attorneys and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

L. Ordering that, pursuant to 11 U.S.C. § 523(a)(6), Defendant be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Plaintiff.

M. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof.

N. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 8, 2016

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: _____
Mark I. Peroff
Darren W. Saunders
Anderson Duff
7 Times Square
New York, New York 10036
(212) 790-4500  telephone
(212) 790-4545  fax
MPeroff@manatt.com
DSaunders@manatt.com
ADuff@manatt.com

*Attorneys for Plaintiff*
Toast, Inc.